UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　Case No. 3:23-cr-126

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Robert Boxx,

　　　　　Defendant.

## I.　Introduction

Defendant Robert Boxx has been charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), a charge arising from a 2018 traffic stop. (Doc. No. 7). Boxx previously was charged by indictment with the same offense. *See* Case No. 3:19-cr-210. I dismissed that indictment without prejudice pursuant to the Speedy Trial Act because more than 70 non-excludable days had passed following Boxx's indictment and before the case was set for trial. (Doc. No. 83).[1] Before the dismissal of the 2019 case, Boxx filed two motions to suppress as well as two motions for reconsideration of my denial of his motion to suppress. (*See* Doc. Nos. 35, 40, 46, and 67).

Boxx now has filed his third motion for reconsideration of my Memorandum Opinion and Order denying his motion to suppress. (Doc. No. 86). The government filed a brief in opposition. (Doc. No. 87). For the reasons stated below, I deny the motion.

---

[1] Pursuant to my Order, the Clerk's Office has incorporated the filings from the 2019 case into the docket in this case. (*See* Doc. No. 9 and non-document order dated March 27, 2023).

## II.  BACKGROUND

I previously have summarized the facts relevant to the resolution of Boxx's motions to suppress and for reconsideration.  (*See* Doc. Nos. 35, 46, and 67).  I do so again briefly here.

On October 8, 2018, Robert Boxx was driving a white 2018 Dodge Charger in Toledo, Ohio.  When Toledo Police Officers George Kral and Zachary Cairl passed the Charger on Cherry Street, near downtown Toledo, they observed the vehicle did not have a front license plate (which, at the time, was required under Ohio law), and that the window tint appeared darker than permitted under Ohio law.  (Doc. No. 19 at 40-41).  The officers initiated a traffic stop and spoke with Boxx, who produced his Michigan driver's license at their request.  Kral ran Boxx's license through a law enforcement database and learned Boxx's license was marked as suspended.  (*Id.* at 43).  The officers contacted a Toledo Police dispatcher, who confirmed Boxx's license had been marked as suspended by a Michigan court.

Boxx then was placed under arrest.  Toledo Police Department policy requires that a vehicle be towed to the police impound lot when the driver of the vehicle is found to be operating the vehicle without a valid license.  (*Id.* at 44).  That policy also requires officers to perform an inventory search of the vehicle in conjunction with the tow.  (*Id.*).  When the officers searched the vehicle Boxx was driving, they found a firearm in the glove box.  (*Id.* at 83).  Boxx was not legally allowed to have the firearm because he previously had been convicted of a felony offense.

I denied Boxx's initial motion to suppress after concluding the inventory search was justified by the department's towing policy.  (Doc. No. 35).  I subsequently affirmed that conclusion after Boxx filed two motions for reconsideration and a second motion to suppress.  (Doc. Nos. 46 and 67).  I now consider Boxx's arguments in support of his third motion for reconsideration.

### III. DISCUSSION

While the Federal Rules of Criminal Procedure do not contemplate motions for reconsideration, courts "adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment" filed pursuant to Federal Rule of Civil Procedure 59(e)." *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citations omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). These motions are not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor are they a substitute for appeal. *Dana Corp. v. United States*, 764 F.Supp. 482, 488-89 (N.D. Ohio 1991).

Boxx contends I should reconsider my earlier decisions due to "newly discovered evidence of Boxx's 2018 Michigan driving records [which] clearly shows that Boxx's driving privileges were valid in the State of Michigan at the time of the subject October 8, 2018 traffic stop." (Doc. No. 86 at 1). According to Boxx, these records show that the default judgments which led to his license suspension were set aside six days before the traffic stop and therefore, his license in fact was valid at the time of the stop. (*Id.* at 6). He concludes that, because "Boxx's driving privileges were not legally suspended in the State of Michigan as of October 8, 2018, the Toledo police officers could not have known that his driving privileges were suspended contrary to the Government's representation in prior pleadings." (*Id.*).

As an initial matter, I am unconvinced Boxx's motion appropriately invokes Rule 59, as the evidence he points to is not "new." Rather, he relies on court records which existed well before he filed his first motion to suppress, indeed records that predate even his indictment in the 2019 case.

3

(*See* Doc. Nos. 86-1 through 86-6). But, even if I were to assume these records are properly characterized as newly discovered evidence, I deny Boxx's motion because I conclude his argument is not persuasive. The relevant question is not whether Boxx's license actually was suspended on October 8, 2018, but whether the officers reasonably relied on records that stated (correctly or incorrectly) Boxx's license was suspended. Boxx has not offered any evidence that Kral and Cairl knew, at the time of the traffic stop, that Michigan courts had reinstated Boxx's driving privileges.[2]

In some circumstances, the Exclusionary Rule may be applied to exclude evidence obtained through an officer's objectively reasonable reliance on erroneous or incorrect information obtained from other law enforcement officers. *See, e.g., Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560 (1971).

But the Supreme Court has held that applying the Exclusionary Rule to errors committed by government employees who are not law enforcement personnel would not further the rule's purpose of deterring police misconduct. *Arizona v. Evans*, 514 U.S. 1 (1995). The *Evans* case arose after a court employee failed to update a computer record to confirm that a warrant for Evans' arrest had been quashed. *Id.* at 5-6, 14-15. The Court reasoned "there is no basis for believing that application of the exclusionary rule in these circumstances will have a significant effect on court employees responsible for informing the police that a warrant has been quashed." *Id.* at 15. The Court then announced "a categorical exception to the exclusionary rule for clerical errors of court employees." *Id.* at 16.

A similar situation arose in *Herring v. United States*, after Herring was arrested following a traffic stop, based upon a warrant which in fact had been rescinded over five months prior to the

---

[2] As the government notes, the records Boxx produced do not conclusively demonstrate that his license was not in fact still suspended on October 8. For instance, in Case Number SP8479491, a default judgment was entered against him on July 11, 2018 for a failure to appear in court in response to a civil traffic infraction. (Doc. No. 86-4 at 2). That default judgment was not set aside until October 18, 2018 – 10 days after the traffic stop. (*Id.*).

4

traffic stop. 555 U.S. 135 (2009). In that case, the Supreme Court held that police negligence in failing to update warrant database records did not justify excluding evidence obtained during Herring's arrest. *Id.* at 147-48 ("In light of our repeated holdings that the deterrent effect of suppression must be substantial and outweigh any harm to the justice system, . . . we conclude that when police mistakes are the result of negligence such as that described here, rather than systemic error or reckless disregard of constitutional requirements, any marginal deterrence does not 'pay its way.'") (citations omitted).

Moreover, other federal courts confronting circumstances similar to those involved in this case have declined to exclude evidence obtained during searches conducted after the defendant's license was erroneously marked as suspended. *See, e.g., United States v. Southerland*, 486 F.3d 1355, 1359-60 (D.C. Cir. 2007); *United States v. Owens*, 142 F. Supp. 2d 255, 263-64 (D. Conn. 2001).

Boxx has not carried his burden of showing it was unreasonable for officers to rely on the information provided by the State of Michigan or that there is newly discovered evidence of a mistake of fact which might support reconsideration of my earlier decisions.

### IV. CONCLUSION

For the reasons set forth above, I deny Boxx's motion for reconsideration. (Doc. No. 86). So Ordered.

s/ Jeffrey J. Helmick
United States District Judge